## NOBLES *v.* STATE.

(Division A. May 13, 1929.)

[122 So. 392. No. 27550.]

*Jacobson & Cameron,* of Meridian, for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Argued orally by *Chas. B. Cameron,* for appellant, and by *James W. Cassedy, Jr.,* Assistant Attorney-General, for appellee.

McGowen, J., delivered the opinion of the court.

The appellant, Nobles, was convicted in the circuit court of the crime of robbery. He was jointly indicted along with Charles Wilkerson and Louis High. It was charged in the indictment that the said parties assaulted one J. A. Evans with a piece of plank and stole certain money belonging to Evans.

Evans was a storekeeper in the city of Meridian, and the store was open on a certain night, and he was en-

gaged in waiting on customers, and while so doing he was struck over the head, rendered unconscious for an hour or two, and upon his recovery to consciousness it was discovered that some money in the store at the time he was struck had been taken therefrom.

The appellant was tried separately. There was no evidence of any conspiracy or concert of action between the three defendants. They were shown to have been in the store just before Evans was struck; so was the witness Smith; and a negro woman left the store immediately ahead of Smith. There was no evidence upon which to base a conviction of this appellant, save the evidence that he was identified by two witnesses as having been in the store at or about the time the storekeeper was assaulted. There were material contradictions of each by the two main state witnesses as to material facts. The appellant denied being in the store, and he and his witnesses testified that he was at a birthday party, or en route thereto, in company with other witnesses, at the time of the commission of the crime. It cannot logically be deducted from the evidence, in the absence of evidence of a conspiracy, that this appellant struck the blow or was connected with the robbery beyond a reasonable doubt. The strongest statement in the record against the appellant in this case is to the effect that he was in the store on the night about the time of the commission of the crime, or just immediately prior thereto. Other persons were there also. In this state of the record we cannot permit this conviction to stand.

The instructions given in the court below indicate that the court tried the case on the theory of a conspiracy, which, as we have said, is not supported by any evidence. See *Hogan* v. *State,* 127 Miss. 407, 90 So. 99, and authorities there cited. Let the case be reversed and the appellant discharged.

*Reversed, and appellant discharged.*